# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| **KELVIN SETTLE d/b/a Zips, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 4:05-cv-1148-CDP |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** ) | |
| a corporation, and **STEPHEN K. BOONE,** ) | |
| both individually and as an agent of ) | |
| Allstate Insurance Company, ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kelvin Settle (Registration No. 26754-044) for leave to commence this action without payment of the required filing fee.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint on July 25, 2005. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $323.28 and an average monthly account balance of $116.90. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $64.66, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

2

## The complaint[1]

Plaintiff, an inmate at the Federal Correctional Institution in Millington, Tennessee, seeks monetary relief in this § 1983 action against defendants Allstate Insurance Company and Stephen K. Boone.[2] Plaintiff states that Zips, Inc., suffered a complete loss due to fire and that Defendant Allstate refused to pay the claim. Plaintiff alleges that defendants perpetrated a fraud on the state court by producing a false stipulation regarding an endorsement on plaintiff's insurance policy and by asserting that the policy had been cancelled for non-payment.

## Discussion

Liberally construing plaintiff's complaint, the Court finds that the gravamen of said complaint is that the state court trial which ended in a jury verdict in favor of defendants Allstate and Boone and against plaintiff Zips, Inc., was in error. Pursuant to the *Rooker-Feldman* doctrine,[3] "[f]ederal district courts are prohibited from exercising jurisdiction over appeals from state court decisions and general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court." *Ace Construction v. City of St. Louis*, 263 F.3d 831, 833 (8th Cir. 2001); *see also Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996). An action is,

---

[1] The Court construes plaintiff's Motion for Notice to Remove from State Court to Federal Court as plaintiff's Complaint.

[2] The Court notes that plaintiff previously filed substantially the same complaint in *Zips, Inc., v. Allstate Insurance Co.*, Case No. 4:01-cv-1051-CEJ (E.D. Mo.). On August 13, 2001, the Court dismissed said case because plaintiff Zips, Inc., could neither proceed pro se nor could it be represented by Kelvin Settle, who is not an attorney. Because the *Rooker-Feldman* doctrine provides an independently sufficient ground upon which to dismiss plaintiff's case, the Court need not consider whether this action is merely an attempted end-run around the Court's previous decision or whether it is barred by the preclusive effect of *res judicata*.

[3] *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

in effect, an appeal of the state court judgment "[i]f the federal court can only provide relief by determining that the state court was wrong." *Id.* Thus, to the extent that plaintiff is, in effect, seeking federal review of a state court's order against him, this Court lacks subject matter jurisdiction over the action. *Cf. Ernst v. Child and Youth Serv. of Chester County*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). "Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then to the Supreme Court." *Centres, Inc. v. Town of Brookfield, Wis.,* 148 F.3d 699, 702 (7th Cir. 1998); *see also Postma*, 74 F.3d at 162.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $64.66 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 28th day of September, 2005.

*[signature: Catherine D. Perry]*
**UNITED STATES DISTRICT JUDGE**