# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **KELVIN SETTLE d/b/a Zips, Inc.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 4:05-cv-1148-CDP |
| ) | |
| **ALLSTATE INSURANCE COMPANY,** ) | |
| **a corporation, and STEPHEN K. BOONE,** ) | |
| **both individually and as an agent of** ) | |
| **Allstate Insurance Company,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon plaintiff's, Kelvin Settle's, Motion for Reconsideration and to Correct Technical Error [Doc. 7]. Plaintiff moves the Court to reconsider its Order of September 28, 2005, dismissing plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

In support of said motion, plaintiff states that he gave the Court the wrong impression, in that the complaint in state court was for breach of contract and vexatious refusal to pay, and the instant cause of action is for fraud on the court. According to plaintiff, he filed a motion for relief from judgment because of fraud on the court, which the state court refused to redress because plaintiff was not represented by counsel. Therefore, the claimed constitutional violation is that the state court denied him redress of a fraud on the court.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.),

*as amended,* 835 F.2d 710 (7th Cir. 1987). Moreover, a motion to reconsider may not be used to raise arguments which could have been raised prior to the Court's dismissal of the action. *See Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986).

The Court has reviewed plaintiff's complaint and finds no "manifest errors of law or fact" in its Order of September 28, 2005. The "fraud on the court" alleged by plaintiff occurred during the course of the state court trial when defendant Boone allegedly made a false submission to the court. The state court denied plaintiff's motion for relief from judgment, which was based on plaintiff's assertion that defendant had made such false submission.

As previously stated, this Court could grant plaintiff no relief except by determining that the state court was wrong, and, to the extent that plaintiff is, in effect, seeking federal review of a state court's order against him, this Court lacks subject matter jurisdiction over the action. *Cf. Ernst v. Child and Youth Serv. of Chester County*, 108 F.3d 486, 491 (3d Cir. 1997) (no federal jurisdiction over "functional equivalent" of appeal from state court judgment). Therefore, the Court will deny plaintiff's motion for reconsideration.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration and to Correct Technical Error [Doc. 7] be **DENIED**.

Dated this 31st day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**